O'NIELL, C. J., is of the opinion the judgment should be affirmed.

(128 So. 522)

**VERNON PARISH LUMBER CO. v. WORD, Assessor, et al.**

No. 29836.

May 5, 1930.

Pujo, Bell & Hardin, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., and Dempsie D. Newman, of Leesville, for appellees.

O'NIELL, C. J.

This is a suit to correct a tax assessment by reducing the amount to the alleged cash value of the property. The suit was dismissed on a plea of prescription of thirty days, based upon the second section of Act No. 97 of 1924, p. 152, which provides that such a suit may be brought only within the thirty days immediately following the date of filing of the tax rolls in the office of the clerk of court "as now provided by law." The plaintiff has appealed from the decision.

The case was submitted and decided on a statement of facts, which were admitted. The plaintiff rendered under oath a list or return of his property for assessment, and the valuation thus given was increased by the assessor, and the increase was approved by the police jury as a board of reviewers, and by the Louisiana tax commission. On the 30th of November of the year in which the assessment was made the assessor filed a copy of his rolls in the office of the clerk of court, and on the same day delivered a copy to the tax collector, and sent a copy to the state auditor. The tax collector held his copy of the rolls, awaiting instructions from the tax commission and the state auditor, until the 10th or 12th of December, on one or the other of which dates he received the tax commission's approval of the tax rolls and the auditor's authorization to proceed to collect the taxes. This suit was filed on the 5th of January; that is to say, within thirty days after the day on which the depositing of the rolls with the tax collector became effective, but not within thirty days after the day on which a copy of the rolls had been actually filed in the office of the clerk of court.

The argument of the appellant is that the provision in the act of 1924, referring to the date of filing of the tax rolls in the office of the clerk of court "as now provided by law," means the date on which the filing of the rolls shall have the effect provided by law, and that the assessor cannot shorten the limitation of thirty days prescribed by the statute, by filing the rolls in the clerk's office before the date on which the filing can have the effect provided by law. The provisions of the other current revenue statutes make it plain that the filing of the assessment rolls in the office of the clerk of court is without effect until the tax commission has approved the assessments and the auditor has authorized the tax collector to proceed to collect the taxes. By the tenth section of Act No. 140 of 1916, as amended by Act No. 211 of 1918, § 1, p. 390, it is made the duty of the tax commission (formerly the board of state affairs) "to require that all assessors shall secure the approval of the Board of State Affairs [now the tax commission] before filing their assessment rolls with the tax collector, and to instruct all tax collectors not to receive from the assessor any assessment roll or collect any taxes thereon without the written consent of the Board of State Affairs [now the tax commission]." The thirtieth section of Act No. 170 of 1898, p. 364, after providing that the assessor shall deposit a copy of his rolls with the clerk of court and another copy with the tax collector and another copy with the auditor, declares that the deposit of the tax rolls by the assessor in the office of the tax collector shall be full warrant for him to collect the taxes; but this, of course, must yield to the provisions of the tenth section of Act No. 211 of 1918, forbidding the tax collector to

receive the assessment rolls until they are approved by the tax commission, or to collect any of the taxes until authorized so to do by the tax commission. The thirty-fourth section of Act No. 170 of 1898 declares that the filing of the tax rolls in the office of the clerk of court, ex officio recorder, shall be notice to every taxpayer and to every other person whom it may concern, that the listing, assessment and valuation of the taxable property *have been completed, that the tax rolls are on file in the tax collector's office, and that the taxes are due and collectible, as provided by law.* In the thirty-fifth section of the statute it is repeated: "That the act of depositing the tax rolls by the assessor in the office where the records of the parish are kept [meaning the office of the clerk of court] shall be deemed prima facie evidence that the assessment has been made and completed in the manner provided by law." It would be legally and utterly impossible for the filing of the assessment rolls in the office of the clerk of court to serve as notice, or be prima facie evidence, that the assessments and valuations have been completed, that the tax rolls are on file in the tax collector's office, and that the taxes are due and collectible, as provided by law, if the assessor could file the rolls effectively in the office of the clerk of court *before* the assessments and valuations are completed, and *before* the assessor is allowed to file his rolls in the tax collector's office, and *before* the taxes can become due or collectible. In fact it was said, virtually, in the Feliciana Bank & Trust Company's Case, 143 La. 55, 78 So. 169, 173, and in Bowman-Hicks Lumber Co. v. Oden, Tax Collector, 147 La. 877, 878, 86 So. 316, and in Gamet's Estate v. Lindner, 159 La. 661, 106 So. 22, 23, that the depositing of a copy of the assessment rolls in the office of the clerk and the depositing of another copy with the tax collector become effective simul-

taneously. Hence the depositing of a copy of the rolls in the office of the clerk of court, in this instance, could not and did not take effect until the depositing of the copy with the tax collector became effective, and that was less than thirty days before the filing of this suit.

The judgment appealed from is annulled, the plea of prescription of thirty days is overruled, and the case is ordered remanded to the district court for further proceedings.